IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| VICTOR J. DONOVAN and RITA M. DONOVAN, RICHARD A. HILL and BETTI C. HILL, GEORGE L. STEVENS and GERTRUDE STEVENS, | CV-14-06-H-JTJ |
| Plaintiffs, | **ORDER** |
| vs. | |
| CATLIN SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

**I.      Synopsis**

Plaintiffs are investors who sued their investment brokerage in an underlying action.  Catlin insured the brokerage (IFG) in the underlying action.  In this action, Plaintiffs alleged Catlin violated the Montana Unfair Trade Practices Act in the

1

underlying action by consolidating Plaintiffs' claims with others and applying a single policy limit of $2,000,000.00 to the consolidated claims. United States Magistrate Judge Keith Strong determined Catlin was entitled to summary judgment on this claim. The undersigned will not reconsider Judge Strong's determination and will deny Plaintiffs' motion for reconsideration.

Plaintiffs' remaining claim is that Catlin violated Montana Code Annotated § 33-18-201(6) by failing to effectuate a prompt, fair, and equitable settlement of their claims once Catlin's insured's liability became reasonably clear. Catlin has moved for summary judgment on this claim. (Doc. 53.) Because there are facts in dispute about whether Catlin's insured's liability was reasonably clear, Catlin's motion for summary judgment will be denied.

**II.    Jurisdiction**

Plaintiffs filed this lawsuit in Montana's First Judicial District, Lewis and Clark County. (Doc. 1-1.) Catlin removed the case to federal court on the basis of diversity jurisdiction. (Doc. 1-2); 28 U.S.C. § 1332. The parties are completely diverse; Plaintiffs are Montana residents and Catlin is a company incorporated under the laws of the State of Delaware, with its principal place of business in the State of Georgia. The parties consented to the jurisdiction of a magistrate judge. (Doc. 3.)

### III. Status

Plaintiffs filed a Motion for Reconsideration of Judge Strong's August 25, 2014 Order granting summary judgment on the Montana Unfair Trade Practices Act claim (Doc. 44). (Doc. 72.)

Catlin filed a Motion for Summary Judgment on Remaining Claims. (Doc. 53.) Catlin seeks a ruling that Plaintiffs' claims against the brokerage in the underlying action were not reasonably clear and that Catlin was not obligated to provide the entire single policy limit to these Plaintiffs. (Doc. 54.)

The motions are fully briefed. (Docs. 54, 73, 74, 77, 79, 84, 94, 95.) The parties appeared for argument before the undersigned on August 4, 2015. (Docs. 88, 108.)

Because the parties are familiar with the facts of this case, the Court will discuss them only as relevant to the discussion below.

### IV. Standards

#### A. Motion for Reconsideration

Local Rule 7.3(b) provides that a motion for leave to file a motion for reconsideration must specifically meet one of the following two criteria:[1]

---

[1] The Court granted the parties leave to file a motion to reconsider in the March 19, 2015 Scheduling Order. Doc. 70.

(1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which reconsideration is sought, and

(B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or

(2) new material facts emerged or a change of law occurred after entry of the order.

### B. Summary Judgment

The Court shall grant summary judgment if the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law determines which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012).

If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a

genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159. The Court should not weigh the evidence and determine the truth of the matter but should determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

### C. Reasonably Clear Liability

Under Montana law it is an unfair trade practice for an insured to "neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements in claims in which liability has become reasonably clear." Mont. Code Ann. § 33-18-201(6). Under Montana law, "liability is 'reasonably clear' when a reasonable person, with knowledge of the relevant facts and law, would conclude, for good reason, that the defendant is liable to the plaintiff." *Peterson* at 913. "This is an 'objective test' in which a trier of fact judges the reasonableness of the insurer's conduct under the facts and circumstances as presented." *Id.* The trier of fact must also take account of the relevant legal principles to be considered by the insurer when evaluating liability. *Id.* " '[R]easonably clear' liability is established when it is 'clear enough' that reasonable people assessing the claim would agree on the issue of liability, and that the facts, circumstances, and applicable law leave little room for objectively reasonable debate about whether liability exists." *Id.* at 913-14.

5

The *Peterson* Court provided the following jury instruction to give when a jury is asked to decide whether liability is reasonably clear:

> You must decide whether [insurance company] engaged in an unfair trade practice by not making a good faith attempt to bring about a prompt, fair, and equitable settlement of a claim in which liability was reasonably clear.
>
> To determine if liability was reasonably clear, you must decide whether a reasonable person, with knowledge of the relevant facts and law, would have concluded for good reason that [defendant] was liable to [plaintiff]. In doing so, you should take into account that, under Montana law, if [defendant] was 50% or more negligent, then [plaintiff] would be entitled to recover damages from [defendant], even if [plaintiff] was partially negligent.
>
> So, you must determine in this case whether a person, with knowledge of the relevant facts and law, would have concluded for good reason that [defendant] was 50% or more negligent.

*Id.* at 915.

*Peterson* involved a motor vehicle collision. Here, Plaintiffs alleged, among other things, in the action against IFG that IFG committed securities violations in relation to the investments it sold to them by misrepresenting facts or omitting facts related to the investments and that it failed to properly register the investments as securities. The issue controlling Catlin's motion is whether undisputed facts establish as a matter of law that no reasonable person, knowing the relevant facts and law, would have concluded for good reason that IFG was liable to Plaintiffs for the alleged securities violations.

In resolving this issue, the Court is mindful that an assessment of reasonableness is generally a question for the trier of fact. *See, e.g.*, *Bateman v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 423 Fed. Appx. 763, 765 (9th Cir. 2011) (a genuine issue of fact remained as to whether Defendant conducted a reasonable investigation of Plaintiffs' claim, and there was a triable issue of fact as to whether Defendant was on notice that counsel's investigation was unreasonable); *Redies v. Attorneys Liability Protection Soc'y*, 150 P.3d 930, 931 (Mont. 2007) (assessment of reasonableness is generally, but not always, within the province of the jury); *Jarvis v. Allstate Ins. Co.*, 2012 WL 6152443 (D. Mont. Dec. 11, 2012) ("Whether an insurer had such a 'reasonable basis in law or in fact' is generally a question for the trier of fact.").

## V. Analysis

### A. Motion for Reconsideration

Neither basis for reconsideration listed in Local Rule 7.3 exists in this case. Plaintiffs have not identified manifest errors of law or fact that affect Judge Strong's August 25, 2014 Order, nor have they presented any newly discovered facts or law. The fact that United States District Court Judge Sam E. Haddon denied Catlin's motion for partial summary judgment as to the reasonable basis in the law defense in similar cases does not create a "change of law." In fact, Judge

Haddon declined to address any legal issues at the summary judgment stage, stating he had an insufficient factual record from which to decide the issues. (Doc. 73-13 at 8 ("I'm not saying the insurer does not have a reasonable basis in law defense here, but I am saying that the record doesn't permit this Court to draw that conclusion today.").) Therefore, Plaintiffs' motion for reconsideration is denied.

### B. Motion for Summary Judgment

Catlin relies heavily on Zusman's opinions in support of its argument that IFG's liability was not reasonably clear as a matter of law, specifically his opinions that: there were multiple defenses to the claims against IFG; IFG's liability was significantly reduced; IFG properly disclosed the risks of investments in question; and the investments were suitable given Plaintiffs' objectives. Catlin also argues that it could not and did not control IFG's defense to the Plaintiffs' claims, that Plaintiffs' actions in state court exhausted Catlin's policy limits, and persons other than Plaintiffs had made claims against IFG, thereby precluding Catlin from exclusively paying Plaintiffs from its limits.

In response, Plaintiffs argue that Zusman's factual investigation was unreasonable and incomplete and that a reasonable investigation reveals facts establishing that IFG's liability was reasonably clear. In support, Plaintiffs rely on the following: (1) Rick Hill's deposition testimony in which he testifies, among

other things, that IFG's agents misrepresented facts and/or omitted facts relative to the investments they sold to him and that, had the facts been properly represented to him, he would not have purchased the investments; (2) the March 19, 2012 Financial Industry Regulatory Authority ("FINRA") dispute resolution decision that sets forth facts establishing, among other things, that: IFG failed to supervise its brokers; IFG failed to conduct due diligence into the product it sold to Plaintiffs; IFG failed to educate Plaintiffs about the risks of the product; IFG misrepresented the high risk investments it sold to Plaintiffs as being safe and secure; IFG failed to assure that the investments it sold to Plaintiffs were suitable for Plaintiffs; IFG failed to register the investments as the Montana Securities Act required; and IFG's conduct violated FINRA rules and its misrepresentations also violated the Montana Securities Act; (3) deposition testimony of Catlin's claims examiner detailing the limited information Zusman provided to her, upon which she based her liability determination; (4) the opinions of Donald Harris, a Montana attorney, who opines, among other things, that by February 15, 2011, IFG's liability to Plaintiffs was reasonably clear and that Catlin was then obligated to attempt to effectuate a prompt, fair, and equitable settlement of their claims, but it failed to do so.

Perhaps a jury will be persuaded by Zusman and the other evidence and

9

arguments upon which Catlin relies and determine that IFG's liability was not reasonably clear.  On the other hand, a jury may well not be persuaded by Zusman or the other evidence and arguments upon which Catlin relies, but rather will be persuaded by Plaintiffs' evidence and arguments and determine that under the relevant facts and law IFG's liability to Plaintiffs was reasonably clear.  The Court is required to draw all reasonable inferences in favor of Plaintiffs because they are the non-moving party.  Upon doing so, the Court determines that there are facts in the record creating a genuine issue of material fact precluding it from granting summary judgment in Catlin's favor.

## VI.  Conclusion

No basis for reconsideration of Judge Strong's August 2014 Order exists. Summary judgment is not appropriate because there are genuine issues of material fact regarding whether and when Catlin's liability was "reasonably clear."

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of Judge Strong's August 25, 2014 Order granting summary judgment on the Montana Unfair Trade Practices Act claim (Doc. 72) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Catlin's Motion for Summary Judgment on Remaining Claims (Doc. 53) is **DENIED**.

Dated the 15th day of October, 2015.

_____
John Johnston
United States Magistrate Judge