IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| VICTOR J. DONOVAN and RITA M. DONOVAN, RICHARD A. HILL and BETTI C. HILL, GEORGE L. STEVENS and GERTRUDE STEVENS, | ) ) ) ) ) ) | CV 14-06-H-JTJ<br><br>ORDER |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CATLIN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**I. Synopsis**

Plaintiffs are investors who sued their investment brokerage in an underlying action. Catlin insured the brokerage (IFG) in the underlying action. Plaintiffs' remaining claim in this action is that Catlin violated Montana Code Annotated § 33-18-201(6) by failing to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims once Catlin's insured's liability became reasonably clear.

The parties appeared before the undersigned on March 1, 2016, for oral arguments on Plaintiffs' Motion for Partial Summary Judgment as to Reasonable Investigation pursuant to Rule 56, Fed.R.Civ.P. (Doc. 125), and Defendant's

Motion for Summary Judgment on all Claims based on the Complete Defense Provided by § 33-18-242(5) and on the Claim for Punitive Damages (Doc. 128). For the reasons stated at the hearing, Plaintiffs' motion was denied. Defendant's motion will likewise be denied.

**II.     Jurisdiction**

Plaintiffs filed this lawsuit in Montana's First Judicial District, Lewis and Clark County. (Doc. 1-1.) Catlin removed the case to federal court on the basis of diversity jurisdiction. (Doc. 1-2); 28 U.S.C. § 1332. The parties are completely diverse; Plaintiffs are Montana residents and Catlin is a company incorporated under the laws of the State of Delaware, with its principal place of business in the State of Georgia. The parties consented to the jurisdiction of a magistrate judge. (Doc. 3.)

**III.    Status**

Plaintiffs filed a motion for partial summary judgment, arguing Catlin failed to meet its statutory duty to perform a reasonable investigation of Plaintiffs' claims. (Doc. 125.)

Catlin filed a motion for summary judgment on the remaining claims. (Doc. 128.) Catlin seeks a ruling that Plaintiffs' claims and punitive damages are barred by the reasonable basis defense. (Doc. 130.)

The motions are fully briefed. (Docs. 126, 130, 131, 134, 136-37.) The parties appeared for argument before the undersigned on March 1, 2016. Plaintiffs' motion was dismissed for the reasons stated in open court. (Doc. 139.)

Because the parties are familiar with the facts of this case, the Court will discuss them only as relevant to the discussion below.

**IV.  Standards**

**A.  Summary Judgment**

The Court shall grant summary judgment if the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law determines which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012).

If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id.* On summary judgment, all inferences should be

drawn in the light most favorable to the party opposing summary judgment. *Id.* at 159. The Court should not weigh the evidence and determine the truth of the matter but should determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

## B. Reasonable Basis Defense

Under the Uniform Trade Practice Act (UTPA), "an insured has an independent cause of action against an insurer for actual damages caused by an insurer's unfair claim settlement practices." *Jarvis v. Allstate Ins. Co.*, 2012 WL 6152443 *3 (D.Mont. 2012) (citing *Bloxham v. Mountain West Farm Bureau Mut. Ins. Co.*, 43 F.Supp.2d 1121, 1124 (D.Mont. 1999)). However, if an insurer had a reasonable basis in law or in fact for contesting the claim, the insurer may not be held liable. *Id.* (citing Mont. Code Ann. § 33-18-242(5)) (internal quotation marks omitted).

"Whether an insurer had such a 'reasonable basis in law or in fact' is generally a question for the trier of fact." *Id.* (citing *Dean v. Austin Mut. Ins. Co.*, 869 P.2d 256, 258 (Mont. 1994)). The Court "may determine reasonableness at the summary judgment stage only when no material facts are disputed and the underlying basis of law is grounded on a legal conclusion." *Id.* (citing *Burton v. Mountain W. Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 602 (D.Mont. 2003)).

"Reasonableness" can be a question of law for the Court to determine "when it depends entirely on interpreting relevant legal precedents and evaluating the insurer's proffered defense under those precedents." *Id.* (citing *Redies v. Attorneys Liab. Prot. Soc.*, 150 P.3d 930, 938 (Mont. 2007) (noting that the insurer invoked the reasonable basis in law defense to a bad faith claim).

V.     **Analysis**

Catlin argues it had a reasonable basis in fact and in law for disputing coverage. Catlin argues that the reasonable basis defense precludes all of Plaintiffs' claims under the UTPA because the claims are inextricably related to Catlin's assertion of the $2,000,000 policy limit.

Liberally construing the Complaint, Plaintiffs raised a claim under Section 33-18-201(6). (Doc. 7 at 5.) Despite Catlin's assertion that the reasonable basis defense precludes all of Plaintiffs' UTPA claims, the favorable resolution on the $2,000,000 policy limit does not necessarily render these claims moot. Though Catlin had a reasonable basis in law to consolidate Plaintiffs' claims with others and apply a single policy limit of $2,000,000 to the consolidated claims (Doc. 44), a trier of fact could still determine that Catlin failed to attempt in good faith to effectuate settlement when liability had become reasonably clear.

Summary judgment is not appropriate because there are genuine issues of material fact regarding whether and when Catlin's liability was "reasonably clear" (Doc. 119) and whether Catlin failed to effectuate a prompt, fair, and equitable settlement.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (Doc. 125) has been **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Catlin's Motion for Summary Judgment on Remaining Claims (Doc. 128) is **DENIED**.

Dated the 17th day of March, 2016.

/s/ John Johnston
United States Magistrate Judge